IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

MARY H. DAVIS                                                                                          PLAINTIFF

vs.                                         CIVIL NO. 04-1118

JO ANNE B. BARNHART,
COMMISSIONER, SOCIAL SECURITY ADMINISTRATION                                                           DEFENDANT

## **MEMORANDUM OPINION**

Mary Davis ("plaintiff"), brings this action pursuant to § 405(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying her claim for Disabled Adult Children's benefits ("DAC"), under Sections 216(i) and 223 of the Act, 42 U.S.C. § 1382c(a)(3).

**Background:**

The facts of the case are as follows. In March 1956, when plaintiff was sixteen-years-old, her father was determined to be entitled to disability insurance benefits under Title II. (Tr. 17). As his minor and dependent children, plaintiff and her sibling began receiving monthly benefits. (Tr. 19). However, in January 1958, when plaintiff attained the age of eighteen, her benefits were terminated. (Tr. 19). Plaintiff admits that she did not appeal the agency's determination to terminate her benefits.

In 1960, plaintiff married her husband, Willie Davis. (Tr. 54). Then, in 1990, plaintiff filed an application for Supplemental Security Income ("SSI"), and was found to be disabled and entitled to benefits. (Tr. 57). However, at this time, plaintiff had been married for thirty years and had an adult child. (Tr. 54). Plaintiff drew SSI benefits until 2001, at which time she was found to no

longer be entitled to benefits.[1] (Tr. 24).

The application for DAC now before this court was protectively filed on August 2, 2001, alleging disability since January 8, 1940, due to the residuals of childhood polio. (Tr. 21-23). An administrative hearing was held on April 9, 2003. (Tr. 40-68). Plaintiff was present and represented by counsel.

On August 7, 2003, the Administrative Law Judge ("ALJ"), issued an unfavorable decision. (Tr. 11). On September 17, 2004, the Appeals Council declined to review this decision. (Tr. 2-4). Subsequently, plaintiff filed this action. (Doc. # 1). The case is now before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is ready for decision. (Doc. # 11, 12).

**Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have

---

[1] However, the record does not contain any further information concerning plaintiff's 1990 application for benefits or the 2001 termination of benefits.

2

decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42

3

(8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920 (2003).

**Discussion:**

Plaintiff contends that the ALJ erred in concluding that she did not qualify for DAC. First, she contends that the benefits she received as a child, from March 1956 until January 8, 1958, were due to a childhood disability resulting from polio, not a consequence of her father's disability. (Tr. 56). In order to qualify for DAC benefits, plaintiff must,

1. Be the child of a worker entitled to a retirement or disability insurance benefit, or who died fully or currently insured, and
2. Be a dependent of the insured, and
3. Have filed an application for child's benefits, and
4. Be unmarried, and
5. Be under the age of eighteen, or
6. If age eighteen or over, be under a disability which began before the child reached age twenty-two.

*See* 42 U.S.C.A. § 402(d)(1)(b); 20 C.F.R. § 404.350(a).

The evidence reveals as follows. Plaintiff was born on January 8, 1940. (Tr. 17). In March 1956, when she was sixteen years old, plaintiff's father was determined to be eligible for disability insurance benefits. (Tr. 17). Records indicate that plaintiff was allowed to draw benefits from March 1956, until January 8, 1958, the date of her eighteenth birthday. The notice of suspension/termination of benefits, dated January 6, 1958, clearly indicates that plaintiff's benefits were terminated, due to the fact that she had attained the age of eighteen and was not disabled. (Tr. 19). There is nothing in the record to indicate that plaintiff had ever alleged a personal disability prior to her filing the 1990 application for SSI. Accordingly, it is clear that the benefits plaintiff received between March 1956 and January 1958 were due to her father's impairment, rather than her own.

4

We also note that the fact that plaintiff was married at the time of the filing of her 2001 DAC application bars her from receiving benefits. However, plaintiff contends that her marriage to Willie Davis did not serve to disqualify her from receiving DAC benefits under section 402 of the United States Code, because he, too, was receiving disability benefits. 42 U.S.C.A. § 402(d)(5). While the statute does protect an individual's right to continue to receive DAC benefits after marrying another disabled individual, it does not provide similar protection for individuals who are married at the time of filing their DAC application.[2] *See id*. As such, the fact that plaintiff waited until 2001, forty-one years after her marriage, to apply for DAC, renders her ineligible for benefits.[3] *Id*.

Further, plaintiff's argument that she is entitled to DAC benefits, due to the fact that she was disabled by the residuals of polio prior to the attainment of age twenty-two, must also fail. Regardless of her disability status, the statute clearly requires that the child be unmarried at the time of the filing of their application. As we have already determined that plaintiff was married on the date of her application and that no exceptions to that general rule apply, there was no need for the ALJ to inquire into plaintiff's disability status prior to attaining age twenty-two. Clearly, plaintiff

---

[2] Section 102(d)(5) provides as follows:
In the case of a child who has attained the age of eighteen and who marries--
- (A) an individual entitled to benefits under subsection (a), (b)), (c)), (e), (f), (g), or (h) of this section or under section 423(a) of this title, or
- (B) another individual who has attained the age of eighteen and is entitled to benefits under this subsection,

such child's entitlement to benefits under this subsection shall, notwithstanding the provisions of paragraph (1) of this subsection but subject to subsection (s) of this section, not be terminated by reason of such marriage.
42 U.S.C.A. § 402(d)(5).

[3] Plaintiff married in 1960.

5

did not meet the legal threshhold requirements prior to filing her application. Therefore, we find that substantial evidence supports the ALJ's determination that plaintiff was not eligible for benefits.

Secondly, plaintiff contends that her August 2001 application for DAC should have been "deemed" filed as of the date her disability insurance benefits were terminated, January 1958.[4] If her application were deemed to have been filed as of January 1958, then plaintiff would have been only eighteen years old and would have been unmarried, therefore, making her eligible for DAC.

As proof of the alleged "misinformation," plaintiff argues that the SSA failed to apprize her of her right to file for DAC benefits at the time her benefits were terminated. (Tr. 56). It is her allegation that this failure to notify her of her right to do so constitutes misinformation, as that term is defined in 20 C.F.R. § 404.350, and would entitle her to a deemed filing date, if applicable to pre-December 1992 claims. Further, she contends that the failure to extend the "misinformation" exception to claims filed before December 1982, constitutes an arbitrary and capricious act.

After reviewing the evidence in this matter, we do not reach the issue of whether the Commissioner's failure to make the "misinformation" exception available to claims prior to December 1982, is arbitrary and capricious. Instead, an examination of the "misinformation" provision reveals that, even had it been applicable to pre-December 1982 claims, it would not have entitled plaintiff to a "deemed" filing date.

The Act provides that an application may be given an earlier "deemed" filing date as the

---

[4] We note that this issue was neither presented to nor addressed by the ALJ or Appeals Council. However, the Supreme Court of the United States had made clear that there is no issue-exhaustion requirement in Social Security cases. *See Sims v. Apfel*, 530 U.S. 103, 107-112 (2000). Therefore, we will address the merit of her claim.

6

result of "misinformation" by an SSA employee:

> In any case in which it is determined to the satisfaction of the [Commissioner of Social Security] that an individual failed as of any date to apply for monthly insurance benefits under [the Act] by reason of misinformation provided to such individual by any officer or employee of the Social Security Administration relating to such individual's eligibility for benefits under [the Act], such individual shall be deemed to have applied for such benefits on . . . the date on which such misinformation was provided to such individual.

See 42 U.S.C. § 402(j)(5); see also 20 C.F.R. § 404.633. In order to avail oneself of an earlier deemed filing date due to misinformation from the SSA, the following requirements must be satisfied:

> (1) The misinformation must have been provided to you by one of [SSA's] employees while he or she was acting in his or her official capacity as our employee.
> . . .
> (2) Misinformation is information which we consider to be incorrect, misleading, or incomplete in view of the facts which you gave to the employee, or of which the employee was aware or should have been aware, regarding your particular circumstances. . . . In addition, for us to find that the information you received was incomplete, the employee must have failed to provide you with the appropriate, additional information which he or she would be required to provide in carrying out his or her official duties.
> (3) The misinformation may have been provided to you orally or in writing.
> (4) The misinformation must have been provided to you in response to a specific request by you to us for information about your eligibility for benefits or the eligibility for benefits of the person referred to in paragraph (b)(2)(i) of this section for which you were considering filing an application.

20 C.F.R. § 404.633(c).

In the present case, plaintiff's contends that she was misinformed due to the agency's failure to notify her that she had the right to file an application for continued disability benefits in January 1958, when her benefits were terminated. She also alleges that their failure to again inform her of her right to DAC benefits at the time of the filing of her application for SSI in 1990, constituted misinformation. However, as the statute clearly states, to qualify as "misinformation," the plaintiff

7

must have made a specific request of the Agency and received an incorrect answer in response to that question. The agency's supposed failure to inform her of her right to file for DAC benefits, in the absence of plaintiff having directed an interrogatory to them concerning her eligibility, does not qualify as "misinformation."

**Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the plaintiff's Complaint should be dismissed with prejudice.

ENTERED this 12th day of October 2005.

/s/ Bobby E. Shepherd
HONORABLE BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)